24-1653(L)
*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand twenty-six.

PRESENT:
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> MICHAEL H. PARK,
> *Circuit Judges*.

---

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*

24-1653(L);
24-1808(CON).

803 KAVA LLC, CRYOSERVICES, INC. D/B/A ANDERSON CRYOTHERAPY D/B/A ATHLETIC RECOVERY CENTER; DELL FOX JEWELRY LLC; MAUREEN ROXBERRY; HAYLEY LANNING; SBG DESIGNS, LLC D/B/A GOLDFINE JEWELRY; SHEN SHU ACUPUNCTURE, PLLC; CAMP GROUNDS COFFEE, LLC,

       *Plaintiffs-Appellants*,

  v.

JACK RABBIT, LLC,

       *Objector-Appellant*,

  v.

VISA, INC., MASTERCARD INCORPORATED,

*Defendants-Appellees.*[*]

---

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS | MARK C. RIFKIN (Thomas H. Burt *on the brief*), Wolf Haldenstein Adler Freeman & Herz LLP, New York, NY. |
| FOR OBJECTOR-APPELLANT | N. ALBERT BACHARACH, JR., N. Albert Bacharach, Jr., P.A., Gainesville, FL; Paul S. Rothstein, Attorney Paul S. Rothstein, P.A., Gainesville, FL. |
| FOR DEFENDANT-APPELLEE VISA, INC. | ROSEMARY SZANYI (Matthew A. Eisenstein, R. Stanton Jones *on the brief*), Arnold & Porter Kaye Scholer LLP, Washington, DC; Michael S. Shuster, Demian A. Ordway, Jayme Jonat, Holwell Shuster & Goldberg LLP, New York, NY. |
| FOR DEFENDANT-APPELLEE MASTERCARD INCORPORATED | Kenneth A. Gallo, Paul, Weiss, Rifkind, Wharton & Garrison, LLP, Washington, DC; Brette Tannenbaum, Nina Kovalenko, Gary Carney, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY. |
| FOR AMICI CURIAE INTUIT INC.; INTUIT PAYMENT SOLUTIONS, LLC; BLOCK, INC. F/K/A SQUARE, INC.; AND ACI PAYMENTS, INC., IN SUPPORT OF PLAINTIFFS-APPELLANTS | Marc L. Greenwald, Steig D. Olson, Manisha M. Sheth, David M. Cooper, Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY; Adam B. Wolfson, Quinn Emanuel Urquhart & Sullivan, LLP, Los Angeles, CA; Justin T. Reinheimer, Quinn Emanuel Urquhart & Sullivan, LLP, San Francisco, CA. |

Appeal from a memorandum and order of the United States District Court for the Eastern District of New York (Brodie, *C.J.*).

---

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

2

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In 2019, Defendants settled a federal antitrust class action with a class of merchants that accepted their credit cards during the class period. The Settlement Agreement defines the class, in relevant part, as "all persons, businesses, and other entities that have accepted any Visa-Branded Cards and/or Mastercard-Branded Cards in the United States at any time from January 1, 2004 to the Settlement Preliminary Approval Date." App'x at 7577. Amici Intuit Inc., Intuit Payment Solutions, LLC (together, "Intuit"); Block, Inc. f/k/a Square ("Square"); and ACI Payments, Inc. provide payment facilitation services to customers. Intuit and Square opted out of the class action settlement and filed their own complaints asserting antitrust claims against Defendants.

Plaintiffs-Appellants (together, the "Square Sellers") are merchants and customers of Square that use Square's payment card facilitation services to process credit card purchases. They did not opt out of the Settlement Agreement, but in 2021, they filed a putative antitrust class action complaint against Defendants. The Square Sellers appeal from a memorandum and order granting Defendants' motion to enforce the Settlement Agreement and finding that the Square Sellers are members of the settlement class. We assume the parties' familiarity with the facts and the issues on appeal, which are discussed at greater length in our opinion in the tandem case of *Old Jericho v. Visa*, No. 24-2678, filed simultaneously with this summary order.

First, the Square Sellers argue that the district court erred in concluding that they are members of the settlement class because they are neither direct purchasers nor direct payors of the challenged fees. For substantially the reasons stated in *Old Jericho v. Visa*, No. 24-2678, we reject the Square Sellers' argument that the district court must resolve disputes over class membership by identifying the party that *directly paid* Defendants for payment card processing

3

services. Instead, the district court's task is to construe the Settlement Agreement "in accord with the parties' intent." *Revitalizing Auto Cmtys. Env't Response Tr. v. Nat'l Grid USA*, 92 F.4th 415, 441 (2d Cir. 2024) (quotation marks omitted). If the class definition is ambiguous as to potential class members, the district court can consider "extrinsic evidence of the parties' intent" on a developed factual record to resolve that ambiguity. *Id.* at 442.

The district court did so here. It first concluded that the word "accepted" in the Settlement Agreement is ambiguous as applied to the Square Sellers and Square, which can both "credibly claim to have 'accepted' payment cards." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 735 F. Supp. 3d 249, 262 (E.D.N.Y. 2024). Next, the district court concluded that the parties intended that "as between competing claimants, only one entity is entitled to make a claim of the settlement fund." *Id.* at 264. None of the parties in this appeal contests this characterization of the settling parties' intent.[1] The district court then found that the Square Sellers "accepted" payment cards for each transaction and were thus members of the settlement class. It based this finding on (1) Square's merchant agreement, which states that Square allows merchants "to *accept* Cards from customers," *id.*; (2) Square's Complaint, which alleges that Square "helps Sellers (merchants who utilize Square to *accept* payment cards . . . ) start, run, and grow their businesses, including by enabling Sellers to *accept* card payments," *id.*; (3) Visa's rules, which distinguish between a "Payment Facilitator" and a "Merchant" and provide that an entity cannot simultaneously act as both a payment facilitator and a merchant, *id.* at 265; (4) Mastercard's rules, under which Sellers "accept" payment cards while payment facilitators facilitate the

---

[1] Although the parties do not dispute this contention, in *Fikes* we explained that we "accept that interpretation of federal antitrust law for the purposes of this appeal, without opining on its soundness." *Fikes Wholesale, Inc. v. HSBC Bank USA, N.A.*, 62 F.4th 704, 716 n.5 (2d Cir. 2023); *see generally id.* at 730-32 (Leval, J., concurring). We accept this interpretation of the Settlement Agreement, but we again do not opine on the soundness of this interpretation as a matter of federal antitrust law.

acquiring of transactions, *id.* at 266; (5) the Square Sellers' own declarations, which describe themselves as businesses that *accept* credit and debit cards, *id.*; (6) the "way real-world transactions are conducted" in which the "cardholder hands her card to a Seller, who 'accepts' it for payment at the point of sale," *id.* at 264; and (7) the incongruence of interpreting the word "accepted" to mean that Square "'accepts' a payment card, but the [Square] Seller 'accepts' cash, for two otherwise identical transactions," *id.* at 265.

We decline the invitation of the Square Sellers and amici to second-guess the district court's finding that the settling parties intended to include the Square Sellers, rather than Square, in the settlement class. "Few persons are in a better position to understand the meaning of a settlement than the district judge who oversaw and approved it," and a "trial court's findings regarding the parties' intentions will be respected on appeal unless they are clearly erroneous." *W. Alton Jones Found. v. Chevron U.S.A., Inc.*, 97 F.3d 29, 33 (2d Cir. 1996) (cleaned up). The district court carefully reviewed the record and considered evidence about how payment facilitators function, as well as how the parties themselves characterized who "accepts" credit cards in a given transaction. Based on this record, the district court's findings as to the settling parties' intent regarding which entities should be deemed part of the settlement class were not clearly erroneous.

For substantially the reasons stated in *Old Jericho v. Visa*, 24-2678, we also reject the Square Sellers' argument that the district court's order impermissibly created an intra-class conflict by placing direct and indirect purchasers in the same settlement class. As explained in that opinion, the parties settled partly to avoid resolving Defendants' indirect purchaser defense. The Square Sellers' argument that the district court was required to avoid "including both direct and indirect purchasers in the settlement class," Square Sellers' Br. at 43, thus rests on an assumption

about which entities are indirect purchasers. This interpretation relying on such an assumption would undermine the purpose of the Settlement Agreement by requiring a final resolution of the very issue the parties sought to avoid.

Finally, the Square Sellers argue that the Settlement Agreement violates due process because they did not receive individual notice of it. When approving a 23(b)(3) class action settlement, the district court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Under this rule, "[i]ndividual notice must be sent to all class members whose names and addresses may be ascertained through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974).

Whether class members can be identified through reasonable effort "is a finding of fact, and must be accepted unless clearly erroneous." *In re Agent Orange Prod. Liab. Litig. MDL No. 381*, 818 F.2d 145, 169 (2d Cir. 1987). The district court expressly recognized its obligation to direct "individual notice to all members who can be identified through reasonable effort" when approving the notice plan. *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 58 (E.D.N.Y. 2019). We identify no clear error in the district court's finding that the notice plan was reasonable under the circumstances. *See id.* at 59 (finding "reasonable the manner in which the notices will be provided" in the settlement); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05MD1720MKBJO, 2019 WL 6875472, at *36 (E.D.N.Y. Dec. 16, 2019) ("[T]he Court finally approved the Superseding Settlement Agreement as fair, reasonable and adequate, including the Notice Plan, Class Notices, and Plan of Administration and Distribution.").

\* \* \*

6

7

We have considered the Square Sellers' remaining arguments and find them to be without

merit.    For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7